# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | Civil Action No. 13 – 1350 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| DUQUESNE LIGHT COMPANY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

For the following reasons, it is respectfully recommended that Plaintiff's Complaint for Writ of Mandamus and Complaint for damages under the Sioux Treaty of Fort Laramie and the Northwest Ordinance be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) & (ii).

**II. REPORT**

    **A. Background**

Plaintiff, Frederick Banks, commenced this lawsuit in the Middle District of Pennsylvania on July 26, 2013. He submitted for filing a Complaint for Writ of Mandamus and damages under the Sioux Treaty of Fort Laramie and the Northwest Ordinance, accompanied by a Motion for Leave to Proceed *in forma pauperis*. That motion was granted and this matter was transferred to the Western District of Pennsylvania, pursuant to 28 U.S.C. §1406, on September 16, 2013.

1

In the Complaint, Plaintiff names as Defendants, two utility companies—Duquesne Light Company and Equitable Gas Company, along with 14 officers and/or employees of these companies, and EQT Plaza.[1] Also named as a Defendant in this matter is Mike Doyle, U.S. Congressman, as a Defendant.

Plaintiff alleges that at some undetermined date and time and continuing to the time he commenced this action, Defendants, without his consent, disrupted his power and gas service, "simpl[y] because of his class based status as an American Indian. (Compl. ¶2.) Banks further alleges that he contacted the Defendants who told him that he does not owe them anything but that to restore service he must file a reconnect order with the City of Pittsburgh. (*Id.* at ¶3.) Banks contends he never consented to having his service disrupted and therefore requests a writ of mandamus from the Court compelling Defendants to restore his service at 52 South 8th Street, Pittsburgh, PA 15203 immediately. (*Id.*) As to Congressman Doyle, Banks merely alleges that this Court should compel Doyle to "intervene on his behalf and investigate the allegations" set forth in his Complaint. (Compl., Intro. para.)

In addition, Banks claims that as an American Indian, he may recover damages against a person subject to the authority of the United States under the Sioux Treaty of Fort Laramie of 1868. (*Id.* at ¶4.) Banks further alleges that Defendants are disturbing his property rights in violation of the Northwest Ordinance of 1787. He seeks compensatory damages in the amount of $500,000, as well as punitive damages of $1,000,000.00, for a total of $1,500,000.00.

**B.    LEGAL STANDARD**

---

[1] It is unclear whether from the caption of the Complaint whether "EQT Plaza" is a Defendant or part of the address for the Equitable Gas Defendants. To the extent that Plaintiff intended that EQT Plaza be named a Defendant in this matter, the Court recommends dismissal of the Complaint for Writ of Mandamus as to EQT Plaza for the same reasons as those expressed with regard to the Duquesne Light Defendants and Equitable Gas Defendants. *See* Part C.1.a., *infra*.

Plaintiff is proceeding *pro se* and as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). However, *pro se* litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D.Pa. Oct. 24, 2006).

Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact." (citing *Neitzke, supra*). Thus, under §1915(e)(2)(B), courts

are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D.Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D.Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).[2]

In determining whether a claim fails to state a claim upon which relief may be granted for purposes of Section 1915(e)(2)(B), courts apply the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The court of appeals <u>has expounded on this standard in light of its decision in</u> *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then

---

[2] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke,* 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

> "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal." *Neitzke,* 490 U.S. at 328 (footnote omitted).

**C.  DISCUSSION**

    **1.  <u>Petition for Writ of Mandamus</u>**

Banks is well aware of the requirements for obtaining a writ of mandamus, having filed numerous such petitions in the past. *See, e.g., Banks v. U.S. Attorneys Office for W.D. Pa.,* Civ. A. No. 11-626, 2011 WL 6739290 (W.D.Pa. Dec. 1, 2011). In that case, this Court aptly set forth the standard for granting mandamus relief:

> The writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in 28 U.S.C. § 1361, which provides as follows:
>
>> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.
>
> 28 U.S.C. § 1361.
>
> Writs of mandamus compelling government officials to take specific actions are extraordinary forms of relief that must comply

with demanding legal standards. Thus, it is well-settled that the " 'writ is a drastic remedy that 'is seldom issued and its use is discouraged.' ' " *In re Patenaude*, 210 F.3d 135, 140 (3d Cir.2000) (quoting *In re Chambers Dev. Co.*, 148 F.3d 214, 223 (3d Cir.1998) (quoting *Lusardi v. Lechner*, 855 F.2d 1062, 1069 (3d Cir.1988))). There are two prerequisites to issuing a writ of mandamus. First, a petitioner must show that he has no other adequate means to attain his desired relief. *Hinkel v. England*, 349 F.3d 162, 164 (3d Cir.2003) (citations omitted). Second, a petitioner must show that his right to the writ is clear and indisputable. *Id*. Mandamus is an extraordinary remedy that can only be granted where a legal duty " 'is positively commanded and so plainly prescribed as to be free from doubt.' " *Harmon Cove Condominium Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir.1987) (quoting *Richardson v. United States*, 465 F.2d 844, 849 (3d Cir.1972) (en banc), *rev'd on other grounds*, 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974)). It is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (citations omitted); *see also Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "[O]nly 'exceptional circumstances amounting to a judicial 'usurpation of power" will justify issuance of the writ." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) (citations omitted). "[T]he party seeking mandamus has the 'burden of showing that its right to issuance of the writ is 'clear and indisputable.' ' " *Id*. (citations omitted). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus is not appropriate.

*Banks,* 2011 WL 6739290, at *1.

### a. Duquesne Light, Equitable Gas & their Employees

As a preliminary matter, the Court notes that the party against whom such relief is sought must be an officer or employee of the United States or any agency thereof. 28 U.S.C. §1361; *Stafford v. Briggs,* 444 U.S. 527, 535-36 (1980). Except for Congressman Doyle, none of the remaining Defendants is an officer or employee of the United States or an agency thereof. Rather, the remaining Defendants are officers or employees of Duquesne Light or Equitable Gas.

6

Similarly, Duquesne Light and Equitable Gas are utility companies providing electric power and natural gas service to individuals and businesses in the Western District of Pennsylvania, and clearly are not agencies of the United States government. As such, mandamus relief cannot be obtained against Defendants Duquesne Light and its employees, Mark Kaplan, Maureen Hogel, Joseph Belechak, Pritam Advani, Robert Bozzone, John Turner, Steven Rogers, Joseph Guyaux, Charles Cohen, and Equitable Gas and its employees, John Centofanti, Bernard Silkowski, Patrick Kane, Natalie Cox, and Nicole Caputo, and EQT Plaza as a matter of law.

Moreover, it is clear from Plaintiff's own Complaint that he has other adequate means to attain his desired relief—he simply must file a reconnect order with the City of Pittsburgh. Compl. ¶3.) If he is dissatisfied with this option, the utilities have procedures for lodging disputes over service, which include the option of filing a complaint with the Pennsylvania Public Utility Commission.[3] Plaintiff has not alleged that he has taken these available measures. Thus, as the Complaint fails to establish that Plaintiff has no other available relief, his claim fails to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(ii).

---

[3] For example, Duquesne Light provides the following notice to its customers:
> If you have a billing or service dispute with your utility, you must try to work it out with the company first. If you cannot resolve your issue with the utility, then you have the option to file a complaint with the Commission. Please see the Commission's website for more detailed information on filing informal or formal complaints: http://www.puc.state.pa.us/general/filecomplaints.aspx, or call the PUC at 1-800-692-7380.

*See* PA Consumer Bill of Rights, as posted on Duquesne Light Company website at https://www.duquesnelight.com/forYourHome/CustomerService/PoliciesAndProcedures.cfm, last visited 11/1/13.

Accordingly, the Court recommends that the Petition for a Writ of Mandamus be dismissed with prejudice as to these Defendants under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).[4]

### b. Congressman Doyle

Congressman Doyle can only be compelled to perform non-discretionary duties. Plaintiff has failed to show, nor can he show, either that (1) he has no other adequate means to attain his desired relief, or (2) his right to a writ of mandamus is clear and indisputable, i.e., that the investigation of a private citizen's dispute with his utility companies is clearly a mandatory duty of a U.S. Congressman. *Hinkel v. England,* 349 F.3d 162, 164 (3d Cir. 2003) (citations omitted). Accordingly, Plaintiff's request for a writ of mandamus against Congressman Doyle lacks any basis in law or fact, and thus, is frivolous. Even if his mandamus action is not deemed frivolous, the Complaint fails to allege any facts to show a plausible mandamus action under *Twombly*. Therefore, the Court recommends dismissal of petition for writ of mandamus with prejudice as to Congressman Doyle under 28 U.S.C. §1915(e)(2)(B)(i) & (ii).

### 2. Damage Claim Under Sioux Treaty of Fort Laramie & Northwest Ordinance

Plaintiff's request for damages under the Sioux Treaty of Fort Laramie and the Northwest Ordinance likewise lacks any basis in law or fact. Banks has utterly failed to allege any facts to show that the Sioux Treaty and/or Northwest Ordinance actually apply to the facts of this case, and the applicable case law shows that it would be futile to allow him to amend his complaint, as he cannot allege any facts to show that he is entitled to relief under either the Treaty or the

---

[4] The Court notes that Plaintiff has cited two cases in his Complaint which he cites for the proposition that the court may compel a utility company to restore service and grant him equitable relief. (Compl. ¶6.) However, neither case cited by Plaintiff supports his request for mandamus relief against individuals and businesses which are not agents or officials of the United States or any agency thereof.

Ordinance. As this Court recently explained in *Banks v. U.S. Probation Department for the Western District of Pennsylvania,* the "bad men" provision in Article I of the Sioux Treaty essentially provides "Native Americans with the right to seek redress directly from the United States for wrongs that are perpetrated by United States citizens against a tribe member while on tribal land." *Banks v. U.S. Probation Dep't for the W.D. of Pa.,* Civ. A. No. 2:13-cv-1199, 2013 WL 5303953, at *4 (W.D.Pa. Sept. 19, 2013). The primary purpose of this provision "'was to guard against affirmative criminal acts, primarily murder, assault, and theft of property.'" *Id.* at *3 (quoting *Garreaux v. United States*, 77 Fed. Cl. 726, 736 (2007)).

As in Civil Action 13-1199, here Banks has failed to allege, at a bare minimum, that he is an enrolled member of the Sioux Tribe, that he was residing on a Sioux reservation, or that the "wrong" alleged occurred within a Sioux reservation. *Id.* at *4 n.5 (citing *Pablo v. United States*, 98 Fed. Cl. 376 (2011) (denying relief to Indian who was assaulted by federal agent finding that Fort Sumner Treaty provided protection to Indians residing on the reservation and injured Indian neither resided nor was assaulted on the reservation)). Indeed, Banks admits that he resides within the city limits of Pittsburgh, Pennsylvania, and that the alleged wrong, i.e., disruption of his power and gas service occurred to his Property, which is also located within the city limits of Pittsburgh. Moreover, the "wrong" alleged here is not the type of wrong which courts have found to have been contemplated within the meaning of the Treaty.

Also in *Banks v. U.S. Probation Department,* this Court found that the Northwest Ordinance has been superseded by the constitutions of the states that were originally part of the Northwest Territory, and therefore, it does not provide Banks with a basis for seeking relief in this Court. *Id.* at *2 n. 4.

9

For these reasons, the Court finds that Plaintiff's claim for damages under the Sioux Treaty and Northwest Ordinance lack any basis in law or fact and are therefore frivolous. Accordingly, the Court recommends that these claims be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint for Writ of Mandamus and Complaint for damages under the Sioux Treaty of Fort Laramie and the Northwest Ordinance be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) & (ii).

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. §636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: November 4, 2013                                          BY THE COURT:

                                                                 __s/Lisa Pupo Lenihan_____
                                                                 LISA PUPO LENIHAN
                                                                 Chief United States Magistrate Judge

cc:   Frederick Banks
      P.O. Box 42303
      Pittsburgh, PA  15203
      *Via U.S. Postal Mail*

      Frederick Banks
      USMS # 05711068
      North East Ohio Correctional Center

2240 Hubbard Road
Youngstown, OH  44505
*Via U.S. First Class Mail*